IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO:    14-40399 |
| ) | |
| CHRISTOPHER O. STOKES ) | CHAPTER 13 |
| ) | |
| Debtors, ) | |
| ) | |
| CHRISTOPHER O. STOKES ) | ADV. PROC. NO. 14-4060 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT TO DETERMINE |
| ) | DISCHARGEABILITY OF DEBT |
| COLLEGE LOAN CORPORATION, ) | |
| UNIVERSITY OF SAN DIEGO, ) | |
| PREMIER CREDIT OF NORTH ) | |
| AMERICA, LLC U.S.DEPARTMENT ) | |
| OF EDUCTION, ) | |
| ) | |
| Defendants. ) | |

COMES NOW, the Plaintiff, Christopher O. Stokes ("Plaintiff"), and for his Complaint to Determine Dischargeability of Debt against College Loan Corporation, University of San Diego, Premier Credit of North America, LLC, and the U.S. Department of Education, "Defendants") states and alleges the following:

## **GENERAL ALLEGATIONS**

1. That this adversary proceeding arises out of the Chapter 7 bankruptcy case of the Defendant, commenced on or before February 14, 2014, in the United States Bankruptcy Court for the Western District of Missouri, Case Number 14-40399.

2. That this Court has Jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, and 1409, and U.S.C. §§ 523(a)(6).

3. That this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

4. That Plaintiff is an individual with his primary residence in Kansas City, Jackson County, Missouri.

5. That Defendants are private and public surety institutions with their primary place of business in the United States of America.

## FIRST CAUSE OF ACTION: UNDUE HARDSHIP TO PLAINTIFF

6. Plaintiff hereby incorporates paragraphs 1-5 of this complaint as if fully set forth herein.

7. That the Plaintiff, in 2006 entered law school at the University of San Diego in San Diego California.

8. That, at that time, and through three years of law school, the Plaintiff was in a position, like thousands of other law students, to be obliged to borrow money from the Defendant institutions to pay for law school.

9. That the sum of the money now owed allegedly owed to the Defendants is approximately two hundred eighty-eight thousand one hundred seventy-three dollars ($288,173).

10. That upon graduating from law school in 2009, the United States economy was at one of its lowest points in a century and law firms were either not hiring or not paying a competitive wage that would allow Plaintiff, or any similarly-situated recent graduate, to both pay living expenses and pay back.

11. That Plaintiff passed the bar and actively searched for work from 2009 on but for several years was able to work only as a restaurant server making enough to pay living expenses but not to pay loan minimum payments.

12. That, since 2009, Plaintiff has struggled to make ends meet, although working at all times.

13. That in 2014 Plaintiff began working at current job making approximately fifty-seven thousand dollars ($57,000) per year.

14. That the minimum payments alone on the outstanding loan amount would leave Plaintiff without the means to pay even basic living expenses.

15. That the Plaintiff cannot maintain, based on current income and expenses, a minimum standard of living if forced to repay these loans.

16. That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

17. That these additional circumstances include the state of the economy, the availability of jobs that pay more than what Plaintiff currently earns, the rising cost of living, the time it takes to earn raises and promotions, among other factors.

18. That the Plaintiff has made good faith effort over the years to pay the loans or work out payment plans, but these attempts have been unsuccessful.

19. That the Plaintiff's payment of these loans meets the three-prong test for undue hardship first articulated by the Second Circuit in *Brunner v. New York State Higher Educ. Serv. Corp.* 831 F. 2d 395 (2nd Cir.1987).

20. That payment of these loans constitutes an undue hardship to the Plaintiff.

21. That the Plaintiff seeks discharge of these loans in good faith.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

A. Determining the principle, interest and any associated fees based on the above undue hardship to the Plaintiff are dischargeable under 11 U.S.C. §523(a)(8).
B. That these loans be discharged.
C. For such other relief as may be just and equitable under the circumstances.

DATED: May 13, 2014

CHRISTOPHER O. STOKES, Plaintiff.

_/s/ C. Stokes_

4530 Holly Street, #10
Kansas City, MO 64111
Chris.o.stokes@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 13th day of May, 2014, a true and correct copy of the foregoing document was sent via certified U.S. Mail, postage pre-paid, to the following:

UNIVERSITY OF SAN DIEGO
Alcala Park HC-204
San Diego, CA 92110

COLLEGE LOAN CORPORATION
P.O. Box 2732
Omaha, NE 68103

PREMIER CREDIT OF NORTH
AMERICA, LLC
P.O. Box 19309
Indianapolis, IN 46219

U.S. DEPT OF EDUCATION
P.O. Box 5609
Greenville, TX 75403

TAMMY DICKINSON, U.S. ATTORNEY
Charles Evans Whittaker Courthouse
Room 5510
400 East 9th Street
Kansas City, MO 64106

ERIC HOLDER, U.S. ATTORNEY GENERAL
U.S. Department of Justice
950 Pennsylvannia Avenue, NW
Washington, DC 20530

_/s/ C. Stokes_
Christopher O. Stokes